IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SEATRADE GROUP, N.V., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. H-05-2771 |
| | § | Admiralty |
| 6,785.5 METRIC TONS OF CEMENT, | § | |
| *in rem,* and ROYAL WHITE CEMENT, | § | |
| INC., *in personam,* | § | |
| | § | |
| Defendants. | § | |

## OPPOSED MOTION FOR COUNTER-SECURITY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Claimant/Defendant/Counter-Plaintiff, ROYAL WHITE CEMENT, INC., ("Royal White") and, subject to its right to invoke arbitration pursuant to the covering charter party and pursuant to Rule E (7)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, files this its Opposed Motion for Counter-Security and would show as follows:

### I.

### PROCEDURAL BACKGROUND

1. On August 10, 2005 Plaintiff, Seatrade Group Inc., ("Seatrade") instituted this case by filing its verified complaint in admiralty suing Royal White for alleged dead freight pursuant to a vessel charter party Seatrade claims it had entered into with Royal White.

2. In connection with its lawsuit, Seatrade, sought and was granted an arrest warrant arresting Royal White's cargo of cement carried aboard Seatrade's vessel, the M/V SPRING DELI.

3. Thereafter, on September 15, 2005, Emar Shipping ("Emar") filed an intervention in this case claiming it too had entered into a charter party with Royal White for the shipment of cargo in question and was asserting a claim against Royal White for the identical dead freight claimed by Seatrade.

4. Emar was granted leave to intervene in this suit and, on September 15, 2005, the court also granted Emar's request for an arrest warrant of Royal White's cargo, the same cargo previously arrested by Seatrade.

5. On September 30, 2005, Royal White filed its claim of owner to the cargo under arrest and on October 3, 2005, filed its Original Answer and Counterclaim to Emar's Complaint-In-Intervention.

6. In its counterclaim, Royal White seeks recovery for damages it has sustained arising out of the underlying ocean carriage of its cargo by Seatrade.

7. On October 5, 2005, Seatrade filed a stipulation of dismissal thereby dismissing its claims against Royal White in this suit and releasing the arrest it had placed on Royal White's cargo.

8. On December 14, 2005, the court entered an order setting security for Emar's claims in the amount of $130,000.00 which was to be paid into the registry of the court to answer and respond to any final judgment entered in this case against Royal White and in favor of Emar.

9. On December 15, 2005, Royal White paid $130,000.00 into the registry of the court thereby securing the release of its cargo from arrest.

10. Royal White's request for counter-security follows:

## II.

## **REQUEST FOR COUNTER SECURITY**

Rule E (7)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure provides in pertinent part:

> When a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counterclaim unless the court, for cause shown, directs otherwise. Proceedings on the original claim must be stayed until this security is given, unless the court directs otherwise.

Royal White has counterclaimed against Emar for damages it has incurred resulting out of the shipment of its cargo aboard the M/V SPRING DELI, the same occurrence giving rise to Seatrade's and now, Emar's claim for dead freight.

Royal White's damages consist in part of ocean freight charges and cargo handling charges Royal White incurred in loading and transporting to the Port of Houston, the 1,214.50 metric tons of its cargo that the M/V SPRING DELI, Seatrade and Emar wrongfully left sitting on the docks in Egypt. The M/V SPRING DELI, Seatrade and Emar each breached contracts with Royal White and duties owed to Royal White by failing to transport the entire shipment of Royal White's cargo to the Port of Houston.

Royal White further seeks damages for the diminution in value of its cargo arrested by Emar and/or the cost of reconditioning and repackaging the cargo damaged by the arrest. Collectively Royal White seeks damages against Emar in the amount of at least $160,000.00.

On December 15, 2005, Royal White paid $130,000.00 into the registry of the court as directed by the court's order of December 14, 2005. A true and correct copy of the receipt issued

by the District clerk is attached hereto as Exhibit "A." Accordingly, Royal White, having posted security as required under Rule E(7)(a) of the Supplemental Rules, hereby requests that the court order that Emar post security in the amount as stipulated by the parties or, if the parties are unable to agree, as set by the court to secure payment of Royal White's counterclaim for damages in this case.

Wherefore, Claimant/Defendant/Counter-Plaintiff, Royal White Cement, Inc., prays that the court order Emar Shipping to post security to secure payment of Royal White Cement, Inc.'s damage claims and for such other and further relief as the justice of the case allows.

Respectfully Submitted,

_____
James R. Koecher
Federal I.d. 7372
TBA: 11648700
1177 West Loop South, 10th Floor
Houston, Texas 77027-9007
Telephone: (713) 629-1580
Facsimile: (713) 629-5027
**ATTORNEYS FOR CLAIMANT/DEFENDANT/COUNTER-PLAINTIFF, ROYAL WHITE CEMENT, INC.**

OF COUNSEL:

BROWN SIMS, P.C.

## CERTIFICATE OF CONFERENCE

The undersigned certifies that he discussed his client's demand for counter-security with counsel for Emar Shipping who is opposed to the relief requested in Royal White's motion.

James R. Koecher

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 21 day of December 2005.

Dimitri P. Georgantas
Seth A. Nichamoff
Georgantas & Walters, L.L.P.
Mellie Esperson Building
815 Walker Street, Suite 953
Houston, Texas 77002
*Via Facsimile (713) 546-9806*

James R. Koecher

5