IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SEATRADE GROUP N.V., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-05-2771 |
| | § | |
| 6,785.5 METRIC TONS OF CEMENT, | § | |
| *in rem*, AND ROYAL WHITE | § | |
| CEMENT INC., *in personam*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Royal White Cement, Inc. has moved for leave to file a first-amended answer and counterclaim. (Docket Entry No. 46). Plaintiff-intervenor, Emar Shipping, has responded, opposing the motion for leave and moving for an order referring this dispute to arbitration and to stay this suit pending that proceeding. (Docket Entry No. 48).

Based on a careful review of the pleadings, the motion and response, the record, and the applicable law, this court grants Royal White's motion for leave to file an amended answer and counterclaim to seek countersecurity and grants Emar Shipping's motion to refer the dispute to arbitration. Royal White must file its motion for countersecurity no later than May 12, 2006. Once that motion is resolved, this lawsuit will be stayed pending the arbitration. The reasons for these rulings are explained below.

## I.     Background

Seatrade Group, Inc. filed this admiralty suit on August 10, 2005, alleging that Royal White was liable for deadfreight charges because only 6,785.5 metric tons of cement were shipped on Seatrade's vessel from Egypt to Texas, instead of the 8,000 tons specified in the charter-party agreements. (Docket Entry No. 1).  Emar Shipping intervened on September 15, 2005, asserting that it had a valid maritime lien for the deadfreight charges because it had entered into a charter party for the shipment.  (Docket Entry No. 16).  The cargo was arrested.  Seatrade stipulated to voluntary dismissal, leaving Emar's claim as a charterer/disponent owner of the vessel carrying the cement.  In a memorandum and opinion issued in December 2005, this court held that Emar had a valid maritime lien.  Royal White was ordered to pay security in the amount of $130,000 and the cargo was released.  (Docket Entry Nos. 36–41).

Royal White moved for countersecurity for the expenses it incurred in transporting the 1,214.5 metric tons of cement left in Egypt and for the diminution in the cargo's value because of the delayed shipment.  (Docket Entry No. 42).  This court denied Royal White's motion for countersecurity on January 17, 2006 because Royal White had not counterclaimed against Emar for losses sustained in shipping the 1,214.5 metric tons of cement left on the dock in Egypt.  (Docket Entry No. 45 at 4–5).

On January 20, 2006—three days after this court issued its opinion denying Royal White's motion for countersecurity—Royal White moved for leave to file an amended answer and counterclaim.  In the proposed amended pleading, Royal White alleges that Emar

is liable to pay the losses sustained as a result of the failure to ship the 1,214.5 tons of cement in June 2005. (Docket Entry No. 46; Docket Entry No. 46, Ex. A at 4–5). Emar Shipping responded by arguing that this court should deny the motion for leave to amend, refer the dispute to arbitration in London under the charter-party agreements, and stay. Emar argues that it is prejudiced by the continuing litigation in Houston. (Docket Entry No. 47 at 2). Royal White disputes that it entered the charter party with Emar and asserts that it should have its interest protected by countersecurity while the arbitration proceeds. (Docket Entry No. 49 at 3). Royal White does not oppose an order referring the action to arbitration in London once this court has ruled on the countersecurity issue.

## II.     Analysis

### A.     Royal White's Motion for Leave to Amend

Rule 15 of the Federal Rules of Civil Procedure requires leave of the court for a party to file an amended pleading and provides that such leave "shall be freely given when justice so requires." In deciding whether to grant leave to file an amended pleading, a district court may consider factors such as undue delay; bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; undue prejudice to the opposing party; and futility of amendment. *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 566 (5th Cir. 2003); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

Emar argues that this court should deny Royal White's motion for leave to amend its answer because, now that Royal White has paid $130,000 in security, "a referral of the

dispute to arbitration is ripe." (Docket Entry No. 47 at 1). Emar argues that allowing amendment will unduly prejudice it by requiring it to continue litigating rather than arbitrating. The only prejudice Emar identifies, however, is that it may be required to respond to a motion for countersecurity and perhaps post countersecurity before the case is stayed in favor of arbitration.

Courts have denied leave to amend based on unfair prejudice when, for example, a proposed amendment would significantly change the basis of the suit close to trial. *See, e.g.*, *Sw Bell Tel. Co. v. El Paso*, 346 F.3d 541 (5th Cir. 2003); *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820 (3d Cir. 1978); *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968 (6th Cir. 1973); *Kennedy v. Josephthal & Co.*, 635 F. Supp. 399 (D. Mass. 1985), *aff'd* 814 F.2d 798 (1st Cir. 1987). "[C]ourts have allowed amendments when it was established that doing so would not unduly increase discovery or delay the trial, and when the opponent could not claim surprise, but effectively should have recognized that the new matter included in the amendment would be at issue." CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 1487 (2d ed. 1990).

Neither the substance nor timing of Royal White's proposed amended pleading unfairly prejudice Emar. Royal White moved for countersecurity in December 2005 and filed its motion to amend and counterclaim before Emar moved to compel arbitration. Emar did not move to compel until after this court had granted Emar's motion to require Royal White to post security and after Royal White had moved for leave to amend and for an order

requiring Emar to post countersecurity. Courts have allowed pleading amendments even after a motion to compel arbitration has been filed. *See, e.g.*, *Benzon v. Morgan Stanley Distribs., Inc.*, 420 F.3d 598 (6th Cir. 2005) (granting motion for leave to file amended complaint filed more than a month after opposing party moved to compel arbitration). Royal White's motion for leave to file an amended answer and counterclaim is granted.

### III.   Emar's Motion to Compel Arbitration and Royal White's Motion for Countersecurity

The charter party for the transportation of the cargo provides, in a paragraph entitled "law and arbitration," as follows:

> Any dispute arising out of this Charter Party shall be referred to arbitration at the place indicated in Box 25, subject to the procedures applicable there. the [sic] laws of the place indicated in Box 25 shall govern this Charter Party.

(Docket Entry No. 25, Ex. B ¶ 19; Docket Entry No. 48, Ex. A). Box 25 states the place of arbitration as "LONDON, ENGLISH LAW TO APPLY." (Docket Entry No. 25, Ex. B; Docket Entry No. 48, Ex. A).

Emar's filings in this case are "subject to any right of arbitration contained in the covering charter party and specifically reserving its right to stay this action pending arbitration . . . ." (Docket Entry No. 43 at 1). Emar now asks this court to refer the dispute to arbitration for further proceedings. Royal White "continues to dispute [the charter party's] validity as well as ever entering into the charter party with Emar in the first instance." (*Id.*). Royal White argues that it should be allowed an opportunity to refile its previously-denied motion for countersecurity in light of its amended answer and counterclaim. (Docket Entry

5

No. 49 at 3).

Marcel A. El. Fadi, Royal White's president, admitted that Royal White entered into the charter party with Emar Shipping. (Docket Entry No. 34, Ex. A at ¶ 8). This court determined in its December 2005 memorandum and order that Royal White and Emar Shipping executed the charter party, that there was no record evidence controverting Emar's authority to enter the charter party, and that the charter party governed the dispute. (Docket Entry No. 36 at 5–8). The Federal Arbitration Act provides that a "written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. It further provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

*Id.* § 3. "[A]s a matter of federal law, arbitration agreements and clauses are to be enforced unless they are invalid under principles of state law that govern all contracts." *Iberia Credit Bureau, Inc. v. Cingular Wireless LLC*, 379 F.3d 159, 166 (5th Cir. 2004) (emphasis removed). Royal White's challenge to the charter party containing the arbitration provision

does not defeat Emar's motion to compel arbitration.

Royal White also argues that this court should not enforce the arbitration proceeding until it can refile its motion for countersecurity. Referring the motion to arbitration will not preclude Royal White from moving for reconsideration of its motion for countersecurity. *See Atlantic Fertilizer & Chem. Corp. v. Italmare, S.P.P.*, 117 F.3d 266, 269 (5th Cir. 1997) (holding that "pending arbitration proceedings do not affect the power of the district court to grant security"); *Transportes Caribe, S.A. v. M/V Feder Trader*, 860 F.2d 637, 638–39 (5th Cir. 1988) (district court properly granted a defendant countersecurity even though the court had stayed the proceedings pending arbitration). Emar's motion to refer the dispute to arbitration is granted. Royal White may refile its motion for countersecurity no later than **May 12, 2006**. Once this motion is resolved, this case will be stayed pending the arbitration.

## IV.   Conclusion

Royal White's motion for leave to file an amended answer and counterclaim is granted. Emar's motion to refer the dispute to arbitration is granted. Royal White must file its motion for countersecurity no later than **May 12, 2006**. Once that motion is resolved, this case will be stayed pending arbitration.

SIGNED on April 27, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge